LEWIS Z. HARRISON, Respondent, *v.* REPETTI, Appellant.

First Department, April 5, 1917.

Master and servant — action against corporation to recover for alleged wrongful discharge — verdict against weight of evidence — stockholder as such cannot bind corporation.

Action against a corporation to recover damages for the alleged wrongful discharge of the plaintiff from his position of general manager of the defendant. It appeared that while the plaintiff held the position aforesaid at a salary of forty dollars a week certain persons bought the controlling interest in the stock of the defendant and, not being officers but merely stockholders, agreed to retain the plaintiff in his position, and it further appeared that by a subsequent resolution of the board of directors the salary of the plaintiff was raised from forty dollars to sixty dollars a week. The resolution, however, expressly limited the defend-

ant's obligation to a weekly hiring. Evidence examined, and *held*, that a verdict for the plaintiff was against the weight of the evidence.

Stockholders as such cannot bind their corporation unless the latter has itself conferred authority upon them to do so.

APPEAL by the defendant, Repetti, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 17th day of October, 1916, reversing an order of the City Court of the City of New York and reinstating the verdict of a jury in plaintiff's favor.

Defendant further appeals from the judgment entered pursuant to said order and determination in the office of the clerk of the City Court of the City of New York on the 23d day of October, 1916.

*Harry D. Nims,* for the appellant.

*Daniel S. Murphy,* for the respondent.

DAVIS, J.:

The order of the Appellate Term reversed an order granting a new trial and reinstated the verdict.

The complaint alleges that on April 4, 1914, the defendant wrongfully discharged the plaintiff. Plaintiff alleges that he became the general manager of the defendant for one year from March 13, 1914, under an agreement between the plaintiff and defendant, entered into on said March 13, 1914, and that he was to receive a salary of $3,120, payable at the rate of $60 each week. The answer is a general denial.

The plaintiff became the general manager and treasurer of the defendant corporation in October, 1912, and remained in its employ until April 4, 1914, the date of his discharge. In support of his cause of action plaintiff showed that on March 13, 1914, while he was in the employ of the defendant as general manager at forty dollars per week, Hoyt & Reese bought a controlling stock interest in the defendant. It appears that Hoyt & Reese had been contemplating this purchase since the preceding January, for in that month Hoyt told plaintiff that

he and Reese had arranged to buy the Repetti business and that they would like the plaintiff to remain with them as their general manager. After some bargaining as to terms it was agreed between Hoyt & Reese and the plaintiff that the latter should become general manager for one year at sixty dollars a week, and it was further agreed that Hoyt & Reese would give the plaintiff twenty-five thousand dollars of the capital stock of defendant. It is alleged that this agreement was made on March 13, 1914, but whether before or after the transfer of the stock control to Hoyt & Reese is not quite clear. It does appear, however, that neither Hoyt nor Reese was an officer of the corporation until April 4, 1914, and it is claimed that the latter had no authority to bind the corporation by the alleged contract of employment. Of course as mere stockholders they could not bind the corporation unless the corporation itself conferred authority upon them in this respect. The respondent claims that there is evidence here from which a jury might infer that the defendant had conferred authority upon Hoyt & Reese to employ plaintiff or had ratified their act in employing the plaintiff. He relies in part upon the fact that his salary was changed by resolution of the board of directors on March 21, 1914, from forty dollars to sixty dollars per week, and argues that from this fact the jury might infer knowledge and a ratification on the part of the corporation of the contract made by Hoyt & Reese. It also appears that the corporation retained plaintiff at that salary for three weeks after Hoyt & Reese got the stock control, and from this evidence he claims that the jury might infer that the contract was ratified by the corporation.

Certain resolutions of the board of directors of defendant were put in evidence, but these resolutions show that while defendant agreed to pay plaintiff sixty dollars per week as manager, it expressly limited the obligation to a weekly hiring and discharged plaintiff after three weeks of service. These resolutions tend to sustain the claim of defendant that it did not authorize or ratify a yearly hiring of the plaintiff. We think the verdict of the jury was wrong and that the order of the City Court setting aside the verdict and granting a new trial was right.

The determination of the Appellate Term is accordingly reversed, with costs, and the order of the City Court is reinstated and affirmed, with costs.

CLARKE, P. J., LAUGHLIN and SCOTT, JJ., concurred.

Determination reversed, with costs, and order of City Court reinstated and affirmed, with costs.